136

Fox, Appellant, *v.* Fisher Body Division, General Motors Corp., et al., Appellees.

[Cite as Fox v. General Motors Corp. (1974), 37 Ohio St. 2d 136.]

(No. 73-716—Decided March 20, 1974.)

*Messrs. Clayman & Jaffy, Mr. Stewart R. Jaffy* and *Mr. John W. Kenesey*, for appellant.

*Messrs. Weldon, Huston & Keyser, Mr. Terry L. Kilgore* and *Mr. George T. Hall*, for appellee Fisher Body Division.

*Mr. William J. Brown*, attorney general, *Mr. John F. Livorno*, and *Mr. James E. Uprichard, Jr.*, for appellee Bureau of Employment Services.

*Per Curiam.* We are called upon to determine the application of R. C. 4141.29(D) to the facts of this case. R. C. 4141.29(D) provides, in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"(1) For any week with respect to which the administrator finds that:

"(a) His unemployment was due to a labor dispute other than a lockout * * * and for so long as his unemployment is due to such labor dispute. * * * If it is established that the claimant * * * obtained a bona fide job with another employer while the dispute was still in progress, such labor dispute shall not render the employee ineligible for benefits."

Appellees contend that the words "bona fide job" require the claimant to permanently sever all relationship with his initial employer. We are unwilling to read such additional requirement into the statute.

The case authority cited by appellees to support their position includes decisions from California, Missouri, Pennsylvania and Utah. However, those state courts were dealing with statutory language different from that employed in R. C. 4141.29(D).

In this case, the Bureau of Employment Services found that appellant did not take the employment with Mansfield Flooring in an effort to circumvent the disqualification provision in R. C. 4141.29 (D)(1)(a). Furthermore, it is undisputed that appellant's Mansfield employment was

full-time. There is nothing in the record to indicate that appellant had any connection with or relation to the owners or operators of Mansfield Flooring, other than the usual employer-employee status.

We hold that appellant's job with Mansfield Flooring was bona fide, and that he was entitled to unemployment compensation for the period claimed. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.